20-3116 Northern Iowa United States v. Carlos Hutchinson Mr. Cross? Thank you, Your Honor. May it please the court. Samuel Cross for the appellant, Mr. Hutchinson. This is not a complex case. In this case, the appellant's three Texas burglaries all sustained under the same statute are broader than generic burglary. So Mr. Hutchinson is simply not an armed career criminal. There are two core questions in this analysis. The first is, does generic burglary require purpose or specific intent? And then, if so, the next question is, can Texas burglary be committed with a lesser state of mind, most relevantly in our briefing, recklessness? And as to the first question, the government doesn't argue, as I read it, that generic burglary can be committed with anything less than purpose or appropriate. It's clear from Taylor all the way back in 1990 that in order to commit generic burglary, you have to remain in or enter without privilege of building or structure with the intent to commit a crime. And the intent to commit a crime language we understand from the sources upon which Taylor relied, both Wayne LaFave's treatise and the model penal code, to be specific intent or purpose. Also, from the usage of most jurisdictions, the majority usage, which doesn't allow the trespass plus formulation upon which Texas and a few other states rely. So the real question here for the court's analysis is, how broad is the Texas code at issue, 3002A3? And again, the government assumes, I believe appropriately, that the statute is indivisible as both to subsections 1, 2, and 3, and as to all parts of those. So unless the court has questions about that, I won't address that issue. But we know from this court's recent decision in Gonzalez versus Wilkinson that we look at the face of the statute, and if the statute is broader than the generic version of the offense, that settles it. And here, looking at the face of the statute and by entering and building or habitation and committing or attempting to commit a felony, a theft, or an assault. And looking, just for example, as we did in our briefing at Texas's assault statute, that can be committed with different states of mind, lesser states of mind. So Mr. Crosser, we're talking about different, we're talking about where does the intent fall, right? I mean, that's kind of where the district court said, he acknowledged, the district court acknowledged, yes, there are crimes that would have less than specific intent, recklessness, but that's not the intent they're going at. Can you address why you disagree with the district court in that sort of what I'll call bifurcation or division of the intent? And to clarify, if I understand, is the question whether one could accomplish burglary with the state of mind lesser than specific intent? I guess, as I understand your argument, is that you can't intend to commit a reckless crime? Correct. Okay. And so where do you think the district court went wrong in saying, but that's not what we're getting at. We're looking at just generally an intent to commit a crime. Isn't that sort of, the intent is the intent to commit the crime. Now the crime itself may not require specific intent, but can you explain why you believe that that, I'm guessing you think that's wrong. And can you tell us why, like hit that nail on the head for us? So the intent to commit a crime is, as compared to generic burglary, intent to commit a crime simply means general criminal intent, mens rea, guilty mind. And generic burglary requires not just that intent. It's more limited. That was the scope of my earlier argument. Generic burglary requires the intent to commit a particular crime. So purpose or at the least knowingness. And the fact that one can accomplish burglary in Texas without that, with the state of mind, merely of recklessness by committing certain acts against other persons, takes that outside of the scope of generic burglary because one can commit that act without forming the intent to commit a crime. And as I read the district courts and heard the district courts comments on that issue, the district court was primarily concerned with an absurd result by which you might intend to commit a crime and thereby fall within the ambit of generic burglary. And then when the crime was committed, not. And the rejoinder to that is that recklessness, as mens rea, is never sufficient to qualify as generic burglary. Whatever acts are committed, generic burglary requires the specific intent to commit criminal acts. And in most states, burglary can't be accomplished without that. But in Texas, it can. Is that responsive to the court's question? Yeah. And what about this? I think it's the Fifth Circuit that talks about being it intent is inherent in the crimes commission. So this subsection three is sort of a replay because you actually completed the the act, the crime that somehow replacing the intent to commit it. Why isn't there? Why isn't intent inherent in the commission of the crime itself? Certainly, your honor. So intent is defined by the crime and crimes that can be committed with guilty mind less than intent can be committed in the case of burglary or excuse me, of assault with recklessness. So that is why. And in my reading of the Fifth Circuit's analysis of Texas cases, what the Fifth Circuit relied on was dicta and a series of cases quoting each other, which say subsection one and subsection three are interchangeable with each other in a certain way because the state has to prove one or the other, even though the question of what level of intent was required wasn't addressed by the Texas courts in those cases. In our view, the much more relevant question is, do people get convicted of burglary in Texas without provably ever forming the specific intent to commit a crime? And the answer is yes, they can. And yes, they do, based on our citations that we made to Texas case law. Of course, it's also our position that under Gonzalez versus Wilkinson, we don't even have to make those citations unless there are further questions. I'd reserve the remaining three minutes of my argument. You may. Thank you. Mr. Edwards. Good afternoon, Your Honors. Counsel, may it please the court. This court should affirm the district court's ruling that the defendant's prior convictions under the Texas burglary statute, specifically 30.02a, qualify as armed career criminal predicate offenses. In so doing, this court should find persuasive the Fifth Circuit's analysis in its embanked decision United States versus Herald in 2019, termed in our brief as Herald 2, in which the Fifth Circuit in a 19 to 0 decision pointed to the Texas Court of Criminal Appeals, specifically in the case of Devon versus State, which is from the highest court in Texas for criminal matters, in which it interpreted the statute at issue, specifically 30.02a3, as one that lacked the intent to commit a crime upon entry, but quote, subsequently formed that intent and committed or attempted a felony or theft. And so the difference there in contrasting subsection a1 with subsection a3 isn't that subsection a1 requires intent and subsection a3 doesn't. It's subsection a1 requires intent upon entry and subsection a3 requires intent subsequent to entry. So Mr. Edwards, your argument is that the difference between 1 and 3 is solely when you form the intent? Yes, as interpreted by the Texas Court. And we see this in the myriad cases from the Texas Court of Appeals, specifically the Flores and Leakes decisions, and I will note that Leakes was an unreported decision but cited by the circuit in Herald 2, as well as one of the cases that the indivisibility arguments, Martinez v. State, all of those cases follow this framework that as specifically as the Leakes case states, is that the state is required underneath a3 to prove it. The state may also prove that, and this is quoting from the Leakes decision, that after entry into the habitation, the appellant formed an intent to commit and did commit felony theft or an assault. And so when we look at not only the Devon cases, but how the lower courts have interpreted the Devon case to mean is that a3 burglary does require intent. But what is the requisite intent? When you say it requires intent, intent to do what? To commit a crime. It's the same intent that's prescribed in a1, as I said before. And it's specific intent? Yes, Your Honor. But can you have specific intent to commit a reckless crime? No. No, you can't have specific intent to commit a reckless crime because the mens rea there would be, it's intentionally, it's the specific intent. And so you can't have a higher mental culpability and a lower mental culpability at the same time. So, but it doesn't, Texas have thefts or assaults that are less than specific intent. So reckless, or grossly negligent. Yes. As the, as pointed out earlier, we can take the aggravated assault or just the assault statute in general. The government's position is similarly the broadness of a1, which I think we would all agree meets the definitions of generic burglary. Similarly, the broadness of a1 would also incorporate those assaults or that assault statute, but the government has to prove that they entered with that specific intent state of mind. Similarly, with a3 and the way that the Texas courts have interpreted it is that the state would have to prove this subsequent intent formation to commit the assault or the felony or the theft. And so while those statutes may include a recklessness or criminal negligence, the state still has to prove under the Texas court's interpretation of the statute specific intent. It's this analysis has also not only been adopted by the fifth circuit, but the fourth circuit in the Bonilla case also had the question with this statute of whether it requires an intent in it. Similarly, as pointed out in Herald 2 and specifically in the fourth circuit's Bonilla opinion did state that it did meet section subsection a3 did meet this generic burglary definition as defined in Taylor. And then also the sixth circuit in United States versus Priddy was analyzing a substantially similar Tennessee statute that had very similar language to subsection a3 of the Texas statute and also found that it met the definition or the generic definition of burglary under Taylor. And so there is seems to be at least in the Texas courts deferring to the Texas court's interpretation in this subsequent intent formation as interpreted in Devon and adopted by the court of appeals cases cited in Texas. Now concedingly the defendant or appellant does point to Daniel versus state which was an unpublished decision which seems to be at odds with that analysis. And in response to that the government just this being an unpublished decision that is at odds with other court of appeals decisions that are published that this court should give that opinion little weight. And then turning to the Lopez versus state and the defendant pointed to certainly these the defendants at issue here were convicted of a crime. I think of both of them it was assault which again as I've stated before can be accomplished by mere recklessness. But neither of these decisions gets into this analysis as to whether subsection a3 requires intent. I think even when we look to the Lopez case the only mention of intent seems to one that would join the government's interpretation of a3 as it's in a footnote on the last or not a footnote but on a site in the last page when it's describing what the defendant had done in that case has a has a quote which states that you know one can infer intent from the defendant's conduct. And so it does seem at least in the Lopez case that they were concerned a little bit about intent based upon that site there at the end of the case. And then Rangel versus state just a concerned issue was there was can you have the burglary statute under a3 which the crime or the intended crime to be committed was aggravated assault. Can you also is there double jeopardy concerns with also charging the aggravated assault from the same instance. And the court there just aggravated assault count doesn't have an element that the burglary count doesn't underneath the block burger test. And that makes sense because underneath a3 and there isn't a discussion about intent there. Underneath a3 the government or the state would have to prove the actual aggravated assault as because it's a subsequent intent formation and then attempting or committing the aggravated assault. And so that case also isn't contradictory towards the government's in Texas's interpretation of subsection a3. I do want to touch on quickly the defendant in defendant's reply and or argument cites the Gonzalez case and the government isn't advancing this realistic probability argument that was set forth in Herald. The government is asking this court to adopt the interpretation of the Texas statute as by the Herald court deferring to the Devon case and the other court of appeals decisions there. And so unless there's any further questions this government is asking this court to defer to the Texas courts interpretation of the statute and join the analysis of the fifth circuit fourth circuit fifth circuit and in a affirm that subsection 30.02 a3 does qualify as generic burglary. Thank you. Rebettal. Thank you. Three points. First as to Bonilla and the fourth circuit's opinion from that 2012 case we would concede that Bonilla did hold that subsection a3 qualified as generic about distinction between different kinds of intent that was that's been raised here and that was squarely before the fifth circuit. Bonilla was what was at issue in Bonilla was when intent had to be formed for a kind of quarrels remaining in type argument. Second as to the analysis of the fifth circuit there's a certain irony that in that case the examples in which a person had committed reckless burglary for lack of a better term and then relied on a very broad and nonspecific interpretation of victim in several cases that quoted each other from the Texas courts whereas observing the facts of the cases shows us that individuals can and do commit reckless burglary in Texas. And that brings me to my third point which would be just to observe the facts of Daniel v. State which I think the government rightly cites as troubling to its position. In that case the defendant followed a woman into her home got into a fight with her and her boyfriend physical altercation with the boyfriend and then was pushed out of the room and he shattered the doorframe by kicking the door and injured the female party and that was cited as a grounds for sufficiency of the evidence on by which he could have committed an assault or assault and burglary. So it's very clear that one can act recklessly sufficient to injure a person in an assaultive fashion in a home without permission in Texas and commit a burglary and what to go back to my initial point what generic burglary requires is the specific intent to commit a crime to commit a criminal act and not a more generalized mens rea descending to the level of recklessness. I see I have a few more seconds so if there are further questions from the court I'm happy to answer them. Seeing none, thank you both for your arguments. I think Mr. Cross started by saying this is a very straightforward issue. I'm not sure I agree it's kind of tricky whenever we get into these and we appreciate the arguments and the briefing so we will take the matter under advisement.